No. 14.—B. H. CONYERS, plaintiff in error, *vs.* THOMAS HAMILTON, defendant.

[1.] Where sundry lots of land are sold by number, and in the bond for titles, one is twice inserted, by mistake, and another omitted, for want of the title paper to describe it, Equity will not restrain the collection of the purchase money, where the vendor acknowledges the error, and is ready to rectify it and to execute a conveyance for the lots which were actually sold.

In Equity, in Cass Superior Court.   Decision by Judge TRIPPE.

This was a bill praying an injunction against an action at law, on the following statement of facts:

That in 1851 the complainant, Bennett H. Conyers, had purchased from Thomas Hamilton a large real estate, for which he took a bond for titles, and gave two notes, each for 13.000 dollars; that the estate, at the time of the contract, was understood and stated to be twenty-six lots, of forty acres each, and that the price was twenty-five dollars per acre; that afterwards, Conyers discovered that the bond really embraced but twenty-five lots—the number of one lot (No. 738) being written twice; that on discovering said error, he went to Hamilton and called his attention to it, who admitted that it was a mistake; and taking the bond, erased from it the said No. 738, in one of the places where it was written; that at the same time, Hamilton took one of the notes and made on it the following entry, in his presence: "February 13, 1852.   The principal of this note is reduced by the sum of one thousand, in consequence of the correction of an error in the bond for titles, in which 738 as the number of a lot, was inadvertently twice written down."

The bill charged that afterwards, and when Conyers was not present, said Hamilton took said note and added to the above entry thereon the following words: "but is to continue so reduced only till disinterested men shall have decided that there should be such a reduction, for such an error."

That Hamilton had subsequently brought suit on said note, and Conyers having tendered to him the whole amount claimed to be due, except said one thousand dollars, filed this bill, praying a perpetual injunction, &c.

The answer of defendant admitted the facts, except that he denied any contract to furnish a certain number of lots or acres, and asserted that the sale was of the settlement of land as a whole, and for an aggregate price. He admitted, however, that it was understood by both parties, that the land was rated at twenty-five dollars per acre. He alleged, moreover, that one of the lots which was included in the purchase, was not named in the bond, because they did not know its number; but that it was understood, at the time, to be omitted for that reason, and to have been sold along with the others; that if this lot had been inserted in the bond, it would have made the right number of acres.

The answer admitted the entry on the note, and its subsequent alteration by the defendant, and alleged that he had the right to make such alteration, on the ground that the entry was made without consideration, and not binding on him.

On the coming in of the above answer, the defendant moved to dissolve the injunction and to dismiss the bill. On which, the Court retained the bill, but dissolved the injunction.

To which order, dissolving the injunction, complainant excepted.

AKIN, represented by HULL, for plaintiff in error.

UNDERWOOD, represented by WRIGHT, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] We think the injunction in this case should have been dissolved. Twenty-six 40 acre lots were sold, making 1040 acres, which, at $25 per acre, amounted to $26.000. One of the lots was mentioned twice, and one was omitted to be inserted at the time the bond was executed, for want of the

deed, which had not been taken out of the Clerk's office. And this is the whole case. Mr. Conyers refuses to pay for this forty acre lot, while Dr. Hamilton is willing to make him a title to it. We cannot see any equity in this.